*Jaylen Ahnarie Sudler/Tizonn Roemello James Trotter v. State of Maryland*, Case Nos. 157&1399, September Term, 2024. Opinion by Graeff, J.

**ODOR OF CANNABIS - PROBABLE CAUSE - EXCLUSION OF EVIDENCE - STATUTORY INTERPRETATION**

Md. Code Ann., Crim. Proc. ("CP") § 1-211 (2025 Repl. Vol.) prohibits the search of a vehicle based *solely* on the odor of cannabis. In this case, the police searched the vehicles based on the odor of cannabis *plus* the knowledge that the occupants of the vehicles were all under the age of 21 and it is unlawful for a person to possess cannabis if the person is not at least 21 years of age. *See* Md. Code Ann., Crim. Law ("CR") § 5-601(a)(1)(ii) (2025 Supp.). Because the search was not based solely on the odor of cannabis, it did not violate CP § 1-211, and the circuit court did not err in denying appellants' motion to exclude evidence found during vehicle searches.

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 157, September Term, 2024

_____

JAYLEN AHNARIE SUDLER

v.

STATE OF MARYLAND

_____

No. 1399, September Term, 2024

_____

TIZONN ROEMELLO
JAMES TROTTER

v.

STATE OF MARYLAND

_____

Graeff,
Friedman,
Wright, Alexander, Jr.
        (Senior Judge, Specially Assigned)

JJ.

_____

Opinion by Graeff, J.

_____

Filed:  July 30, 2026

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

Appellants, Jaylen Ahnarie Sudler and Tizonn Roemello James Trotter, appeal from the decisions of the Circuit Court for Worcester County denying their respective motions to suppress evidence recovered during a search of a vehicle.[1] Each appellant was convicted pursuant to an agreed statement of facts, of possession of a firearm by a person under 21 years of age. The court imposed the following sentences: (1) for Mr. Sudler, two years, all but 60 days suspended, and 18 months of probation; (2) for Mr. Trotter, three years, all but one day suspended, and three years of probation.

On appeal, appellants present the following question for this Court's review, which we have revised slightly, as follows:

> Did the circuit court err in denying appellants' motions to exclude evidence discovered in violation of Md. Code Ann., Crim. Proc. ("CP") § 1-211 (2025 Repl. Vol.), which prohibits a search of a vehicle based solely on the odor of cannabis?

For the reasons set forth below, we shall affirm the judgments of the circuit court.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.

### Jaylen Ahnarie Sudler

On July 21, 2023, at approximately 2:58 a.m., two police officers from the Ocean City Police Department were on patrol in Ocean City, Maryland. They observed a gray Nissan Altima that appeared to have an inoperable tag light. Upon closer observation, the officers were unable to read the unilluminated half of the license plate from a distance of 50 feet, which constituted a violation of Md. Code Ann., Transp. ("TR") § 22-204(f) (2020

---

[1] This Court consolidated the two appeals on July 17, 2025.

Repl. Vol.) (a vehicle must be equipped with a lamp specifically positioned to illuminate the rear registration plate with a white light, ensuring that the plate is clearly legible from a distance of 50 feet to the rear). The officers initiated a traffic stop.

The vehicle was occupied by four individuals, including a driver, a front seat passenger, and two rear seat passengers. Mr. Sudler was the left rear passenger. One officer contacted the driver through the front passenger side window and detected the odor of cannabis coming from the vehicle. After making this observation, the police asked each occupant their age; all four advised that they were under the age of 21. Because possession of cannabis is illegal for individuals under the age of 21, the officers searched the vehicle. They discovered contraband, including a firearm.

On November 2, 2023, Mr. Sudler appeared for a hearing. The State proffered that Mr. Sudler was challenging the legality of the search of a lawfully stopped vehicle in which Mr. Sudler was a passenger. The court questioned whether the issue should be considered as a motion to suppress or as a motion in limine. It requested that the parties file memoranda addressing that issue, and it reset the date for the hearing.

**A.**

**Motion to Suppress Hearing**

On December 4, 2023, the circuit court held a hearing. Mr. Sudler's counsel argued that he was challenging the legality of the search as a motion to suppress under the Fourth Amendment, but he should also have the opportunity to challenge the admissibility of the evidence separately as a motion in limine. The court agreed, and the parties proceeded to argue the motion to suppress.

The State addressed CP §1-211, which prohibits a search of a vehicle based solely on the odor of cannabis. It stated that the legislative intent behind the statute was to ensure that the odor of cannabis alone is not sufficient for an officer to stop or search a vehicle. In this case, however, the smell of cannabis was not the sole basis for the search; there was the additional basis that the occupants were under the age of 21, and thus prohibited from possessing cannabis in any quantity.

Counsel for Mr. Sudler argued that CP § 1-211 provided that police officers could not search a vehicle based on the odor of cannabis. She argued that there was no age restriction in the statute, and the State was attempting to add words that were not there.

The circuit court found that the search of the vehicle was reasonable under the Fourth Amendment based on the odor of cannabis and the knowledge that the occupants of the vehicle were all under 21. It stated, however, that CP § 1-211 was not subject to a traditional Fourth Amendment analysis, but rather, it addressed the admissibility of evidence and was more appropriately addressed in a motion in limine.

The court stated that it would not address that issue that day. It adopted the motion to suppress as a motion in limine to exclude the items seized from the vehicle, and it set a date for another hearing. It stated that it "want[ed] answers from the appellate court" on this issue.

**B.**

**Motion in Limine Hearing**

On January 16, 2024, the circuit court held a hearing on appellant's motion in limine. Neither party made any additional arguments.

The circuit court denied Mr. Sudler's motion in limine. It began by noting that, pursuant to CP § 1-211, the police may not search a motor vehicle based solely on the odor of burnt or raw cannabis, and "any evidence discovered or obtained in violation of this section is not admissible in a trial, a hearing or any other proceeding." The court "focused on the word solely," and it found that the search of appellant's vehicle was based, in part, on the odor of cannabis, but "there was another factor. There was a plus one to that factor which was the age of all of the occupants of the vehicle." The court explained:

> As I went through my findings of fact in the previous ruling, there was a stop for - - I think it was a tag light or some sort of equipment repair issue, that the odor of cannabis was observed by the stopping officer, and an inquiry was made prior to a search of the vehicle which identified that all of the occupants were under the age of 21.
>
> An individual - - while there are certain amounts of cannabis that are legal for individuals to possess in the State of Maryland effective January 1 of 2023 I believe, that does not apply to minors, minor being anyone who has not attained the age of 21.
>
> So in that respect, anyone who is not yet 21 years of age who is in possession of any quantity of cannabis or marijuana would be subject to some law enforcement action, whether it be the issuance of a citation, at the juvenile level some sort of juvenile interaction, but the behavior under those circumstances violates our statutes - - our criminal statutes that are in place.
>
> And I find that to be an additional circumstance on which the search was based, and therefore, the search was not based solely on the odor of marijuana.
>
> *        *        *
>
> What I am satisfied with as far as my ruling today goes is that the presence of an odor of burnt or unburnt cannabis coupled with the age of all of the occupants of the . . . vehicle, means that the search was based on something other than solely the odor, that i[s] . . . the age of the occupants, and therefore, the motion in limine is denied.

-4-

## C.

## Not Guilty Plea

On March 7, 2024, Mr. Sudler pleaded not guilty pursuant to an agreed statement of facts.[2] The court found Mr. Sudler guilty, and as indicated, it sentenced him to two years, all but 60 days suspended, and 18 months of probation. The State entered a *nolle prosequi* on the remaining charges.[3]

## II.

## Tizonn Roemello James Trotter

On March 24, 2024, at approximately 12:45 a.m., Ocean City Police Officer Cara-Marie Chiocca conducted a traffic stop of a vehicle after observing that its right headlight was out. There was a strong odor of marijuana coming from the vehicle, which was occupied by three individuals; Mr. Trotter was the front seat passenger. The agreed statement of facts presented at the suppression hearing provided:

> Upon contact with the occupants of the vehicle, it was determined that all three individuals in the vehicle were under the age of 21. Based upon the possession of marijuana being illegal for individuals under the age of 21, a

---

[2] "Under an agreed statement of facts, the State and the defense agree to the ultimate facts, and the court merely applies the law to the agreed upon facts." *White v. State*, 250 Md. App. 604, 648, *cert. denied*, 475 Md. 717 (2021).

[3] A *nolle prosequi* is "an official declaration by the State, announcing that it will not pursue the charges in a particular charging document." *State v. Simms*, 456 Md. 551, 557 (2017) (quoting *Gilmer v. State*, 389 Md. 656, 659 n.2 (2005)). The Supreme Court of Maryland has described it as "[t]he abandonment of the prosecution." *Id.* at 558 (quoting *Barrett v. State*, 155 Md. 636, 638 (1928)).

search of the vehicle was conducted and contraband to include a firearm and a small bag of marijuana was recovered from that vehicle.[4]

The prosecutor stated that the gun and cannabis were found under the front passenger seat. The prosecutor was not sure about the amount of cannabis recovered, but it was a small baggie, likely within the personal use amount allowed for a person over the age of 21.

On August 13, 2024, the circuit court held a suppression hearing based on stipulated facts. The State argued that CP § 1-211 prohibited a search of a vehicle based solely on the odor of cannabis, but here, the age of the occupants was an additional factor, which permitted the search. The State asserted that Md. Code Ann., Criminal Law ("CR") §§ 5-601 and 5-602 (2025 Supp.) allow for limited possession and transfer of cannabis by individuals 21 or older, and therefore, possession by individuals under 21 remains contraband.[5]

Mr. Trotter argued that CP § 1-211 does not mention age as a factor permitting a search. He asserted that possession of a small amount of cannabis by a person under the age of 21 is a civil offense, and therefore, it was not an appropriate factor to justify a search.

---

[4] Effective June 1, 2022, the term "cannabis" replaced all references to "marijuana" in the Maryland Annotated Code. 2022 Md. Laws, ch. 26, § 13.

[5] Section 5-601 of the Criminal Law Article provides that person may not possess a controlled substance, unless "the controlled dangerous substance is cannabis, the individual is at least 21 years old, and the amount possessed is the personal use amount." Md. Code Ann., Criminal Law ("CR") § 5-601(a)(1)(ii) (2025 Supp.). The personal use amount is 1.5 ounces or less of usable cannabis or 12 grams or less of concentrated cannabis. CR § 5-101(u)(1)-(2). There is no penalty for adult sharing, i.e., "transferring cannabis between persons who are 21 years of age or older without remuneration," of the personal use amount of cannabis. CR §§ 5-602(c)(1)(i)-(c)(2).

The circuit court denied the motion to suppress. It found that the police made a valid stop based on a non-functioning headlight, and the officer then detected a strong odor of cannabis emanating from the vehicle. The court concluded that the search was valid because the police officer had probable cause to search the vehicle after smelling the odor of cannabis and discovering that all the occupants were under the age of 21.[6]

On September 10, 2024, Mr. Trotter pleaded not guilty pursuant to an agreed statement of facts. The court found Mr. Trotter guilty, and as indicated, it sentenced him to three years, all but one day suspended, and three years of probation. The State entered a *nolle prosequi* with respect to the other charges.

## DISCUSSION

Appellants contend that the circuit court erred in denying their motions to exclude the firearms found in their vehicles in violation of CP § 1-211.[7] They argue that CP § 1-211 prohibits police officers from relying solely on the odor of cannabis to conduct a search, and "the law does not limit its protection to persons below or above any certain age." Appellants assert that the purpose of the statute was to combat racial profiling in

[6] The agreed statement of facts at the motions hearing (as well as the subsequent plea hearing) provided that the police determined the ages of the occupants prior to the search. The court found that the officers determined that the driver was under the age of 21 and ordered the occupants out of the car. It then found, relying on the statement of charges, that the officers searched the car before identifying the passengers. Mr. Trotter notes that fact, but his argument proceeds on the basis that the police knew the occupants were under 21 prior to the search. We will do so as well.

[7] In Mr. Sudler's case, the court addressed the admissibility of the evidence under both the Fourth Amendment and Md. Code Ann., Crim. Proc. ("CP") § 1-211 (2025 Repl. Vol.), and it found it admissible under both. On appeal, Mr. Sudler challenges only the court's ruling regarding CP § 1-211.

-7-

traffic stops and searches "under the pretense of investigating the odor of a now legalized substance, cannabis."

The State contends that the circuit court properly determined that CP § 1-211 did not require exclusion of the evidence because the odor of cannabis was not the sole basis for the search of the vehicles. Instead, the searches were based on the odor of cannabis *plus* the officers' knowledge that all the occupants were under the age of 21.

## I.

## Standard of Review

With respect to the applicable standard of review, in both cases the court reviewed the issue as a motion to suppress. In Mr. Sudler's case, the court addressed the issue as a motion to suppress as well as a motion in limine.

In reviewing a circuit court's denial of a motion to suppress evidence, "we accept 'the hearing court's findings of fact unless they are clearly erroneous' but 'review the hearing judge's legal conclusions *de novo*.'" *Rodriguez v. State*, 258 Md. App. 104, 114-15 (2023) (quoting *Thornton v. State*, 465 Md. 122, 139 (2019)). With respect to a trial court's ruling on a motion in limine, "'we are generally loath to reverse a trial court' unless the evidence was plainly improperly admitted or excluded under law, 'or there is a clear showing of an abuse of discretion.'" *CR-RSC Tower I, LLC v. RSC Tower I, LLC*, 202 Md. App. 307, 337 (2011) (quoting *Merzbacher v. State*, 346 Md. 391, 404-05 (1997)), *aff'd*, 429 Md. 387 (2012).

Here, there are no facts in dispute, and the issue involves the interpretation of CP § 1-211. When the issue on appeal "involves an interpretation and application of

Maryland statutory and case law, [we] must determine whether the [circuit] court's conclusions are legally correct under a *de novo* standard of review." *City of Brunswick v. Handler*, 269 Md. App. 65, 68-69 (2026) (quoting *Nesbit v. Gov't Emps. Ins.*, 382 Md. 65, 72 (2004)). *Accord Cutchember v. State*, 493 Md. 187, 201 (2026). Accordingly, we will review the circuit courts' rulings *de novo*.

## A.

## History Leading to Enactment of CP § 1-211

There has been a dramatic shift in Maryland law regarding cannabis in the last dozen years. We briefly discuss that change to provide perspective on the statute that we construe in this appeal.

Prior to 2014, the law was clear that the odor of cannabis provided probable cause to believe that criminal activity was occurring, justifying a search of a car or an arrest of a person. *See State v. Harding*, 166 Md. App. 230, 240 (2005) ("[T]he odor of marijuana alone can provide a police officer probable cause to search a vehicle."), *cert. denied*, 393 Md. 161 (2006); *Ford v. State*, 37 Md. App. 373, 379-80 (arrest of driver based on smell of cannabis emanating from his person and the car was supported by probable cause), *cert. denied*, 281 Md. 737 (1977).

In 2014, however, the Maryland General Assembly decriminalized possession of less than 10 grams of cannabis. *Lewis v. State*, 470 Md. 1, 9 (2020). As the Supreme Court of Maryland explained, "[t]he legislature made such possession a 'civil offense,'" subject to a citation. *Pacheco v. State*, 465 Md. 311, 320 (2019) (quoting *Robinson v. State*, 451 Md. 94, 97 (2017)).

At that point, this Court and the Supreme Court of Maryland determined that the presence of cannabis in a vehicle still provided probable cause for a search of a vehicle because it was still illegal, although not criminal in certain amounts, and therefore, it was contraband. *See id.* at 330 ("[M]arijuana in any amount remains contraband and its presence in a vehicle justifies the search of the vehicle."); *Robinson*, 451 Md. at 130-31 ("[M]arijuana remains contraband, despite the decriminalization of possession of small amounts of marijuana, and . . . the [presence] of marijuana constitutes probable cause for the search of a vehicle."); *Bowling v. State*, 227 Md. App. 460, 476 (a dog alert to the odor of cannabis still provided probable cause to search a vehicle after decriminalization because cannabis "retain[ed] its status as contraband"), *cert. denied*, 448 Md. 724 (2016).[8]

In *Lewis v. State*, 470 Md. 1, 23 (2020), however, the Supreme Court of Maryland held that, "[a]lthough marijuana in any quantity is considered contraband, . . . the search incident to arrest exception can be invoked only upon the occurrence of a felony or attempt of a felony or misdemeanor; a civil infraction is neither a felony nor a misdemeanor," and therefore, standing alone, it does not justify a search of a person. The Supreme Court subsequently held that the odor of cannabis satisfied the reasonable suspicion standard for an officer to conduct a brief investigatory stop. *In re D.D.*, 479 Md. 206, 231 (2022). It explained that decriminalization did not render "the odor of marijuana free of all criminal

---

[8] In *Robinson v. State*, 451 Md. 94, 135-36 (2017), the Court noted that, although the medical cannabis program made possession of cannabis for medical use legal, the odor of cannabis provided probable cause to search. It noted that the legislative history of the statute decriminalizing cannabis made clear "that the General Assembly did not intend to preclude a search of a vehicle based on the odor of marijuana or to otherwise alter the seizure and forfeiture of marijuana." *Id.* at 127.

suspicion," and "the odor of marijuana remains evidence of a crime" even though "the odor of marijuana does not reveal the quantity of marijuana held by a given individual." *Id.* at 231-32, 234 (quoting *Robinson*, 451 Md. at 133).

In 2022, Maryland voters approved a constitutional amendment that legalized the use and possession of cannabis by individuals who are 21 years of age or older. *See Cutchember v. State*, 493 Md. 187, 194 (2026); *Kelly v. State*, 262 Md. App. 295, 305 (2024). That same year, the General Assembly enacted legislation legalizing the possession of a "personal use amount" of cannabis. *Hicks v. State*, ___ Md. App. ___, ___, 2026 WL 1601794, at *9 n.13 (2026); CR §§ 5-601, 5-101(u).[9]

The General Assembly then enacted CP § 1-211, which became effective July 1, 2023. 2023 Md. Laws, ch. 802, § 2. It provides as follows:

---

[9] CR § 5-601 provides, in pertinent part, as follows:

(a) Except as otherwise provided in this title, a person may not:
> (1) possess or administer to another a controlled dangerous substance, unless:
>> (i) obtained directly or by prescription or order from an authorized provider acting in the course of professional practice; or
>> (ii) the controlled dangerous substance is cannabis, the individual is at least 21 years old, and the amount possessed is the personal use amount.

A violation of the statute involving the use or possession of the personal amount of cannabis by a person under the age of 21 is a civil offense, punishable by a fine not exceeding $100. *Id.* § 5-601(c)(2)(ii)1. The court may order the person "to attend a drug education program approved by the Maryland Department of Health, refer the person to an assessment for substance abuse disorder, and refer the person to substance abuse treatment, if necessary." *Id.* § 5-601(c)(2)(ii)3.A.

(a) A law enforcement officer may not initiate a stop or a search of … a motor vehicle, … based *solely* on one or more of the following:

    (1) the odor of burnt or unburnt cannabis;

    (2) the possession or suspicion of possession of cannabis that does not exceed the personal use amount, as defined under § 5-601 of the Criminal Law Article; or

    (3) the presence of cash or currency in proximity to cannabis without other indicia of an intent to distribute.

(b) If a law enforcement officer is investigating a person solely for driving or attempting to drive a motor vehicle or vessel while impaired by or under the influence of cannabis in violation of § 21-902 of the Transportation Article or § 8-738 of the Natural Resources Article, the law enforcement officer may not conduct a search of an area of a motor vehicle or vessel that is not:

    (1) readily accessible to the driver or operator of the motor vehicle or vessel; or

    (2) reasonably likely to contain evidence relevant to the condition of the driver or operator of the motor vehicle or vessel.

(c) Evidence discovered or obtained in violation of this section, including evidence discovered or obtained with consent, is not admissible in a trial, a hearing, or any other proceeding.

CP § 1-211 (emphasis added).

**B.**

**Analysis**

CP § 1-211 clearly provides that the police may not search a vehicle based solely on the odor of cannabis. As the circuit court noted, however, there is no reported opinion by this Court or the Supreme Court of Maryland addressing whether, under the terms of

-12-

CP § 1-211, the police may search a vehicle based on the odor of cannabis plus the knowledge that the occupants of the vehicle are all under the age of 21.[10]

In interpreting CP § 1-211, we follow well-settled principles of statutory construction, as follows:

> When undertaking an exercise in statutory interpretation, we start with the cardinal rule of statutory interpretation—to ascertain and effectuate the General Assembly's purpose and intent when it enacted the statute. *75-80 Properties*, *L.L.C. v. RALE, Inc.*, 470 Md. 598, 623, 236 A.3d 545 (2020). "A court's primary goal in interpreting statutory language is to discern the legislative purpose, the ends to be accomplished, or the evils to be remedied by the statutory provision under scrutiny." *Lockshin v. Semsker*, 412 Md. 257, 274, 987 A.2d 18 (2010) (citations omitted).
>
> To ascertain the intent of the General Assembly, our analysis begins with the normal, plain meaning of the language of the statute. *Id.* at 275, 987 A.2d 18. In doing so, we read the plain meaning of the language of the statute "as a whole, so that no word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless or nugatory." *Koste v. Town of Oxford*, 431 Md. 14, 25-26, 63 A.3d 582 (2013) (internal quotations omitted). Additionally, "[w]e neither add nor delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute, and we do not construe a statute 'with forced or subtle interpretations' that limit or extend its application." *Lockshin*, 412 Md. at 275, 987 A.2d 18 (citations

---

[10] As this Court explained in *Hicks v. State*, ___ Md. App. ___, ___, 2026 WL 1601794, at *9 n.13 (2026):

> The legislature's decision to prohibit by statute stops [and searches] based solely on the odor of marijuana may have "effectively overruled" or "superseded" the decision in *D.D.*, *see State v. Stone*, 493 Md. 78, 133, 350 A.3d 786 (2026); *Cutchember v. State*, 493 Md. 187, 195, 352 A.3d 801 (2026). As the dissent in *Stone* noted, however, the General Assembly does not have the authority to overrule the "Court's decisions on constitutional matters," and the legislature's policy decision to prohibit by statute investigatory stops based solely on the odor of marijuana does not have any effect on the Fourth Amendment analysis. *Id.* at 152, 350 A.3d 786 (Gould, J., dissenting). *Accord York v. City of Burlington*, 225 F. Supp. 3d 341, 347 (M.D.N.C. 2016) (rejecting argument that arrest in violation of state law necessarily implicated violation of Fourth Amendment rights).

omitted). "If the language of the statute is unambiguous and clearly consistent with the statute's apparent purpose, our inquiry as to legislative intent ends ordinarily and we apply the statute as written, without resorting to other rules of construction." *Id.*

*Wheeling v. Selene Fin. LP*, 473 Md. 356, 376-77 (2021). *Accord Cutchember*, 493 Md. at 201-02. We give the statute a "reasonable interpretation, not one that is absurd, illogical, or incompatible with common sense." *Wheeling*, 473 Md. at 377 (quoting *Lockshin*, 412 Md. at 276).

We begin with the words of the statute, which provide that law enforcement may not search a vehicle based *solely* on the odor of cannabis. CP § 1-211(a)(1). As the circuit court noted, we need to give effect to the word "solely."

In seeking to determine the meaning of terms in a statute, "we often look to dictionary definitions, as a starting point, to identify the meaning of terms before considering the 'statutory scheme as a whole.'" *Adelakun v. Adelakun*, 263 Md. App. 356, 374 (2024) (quoting *Westminster Mgmt., LLC v. Smith*, 486 Md. 616, 644 (2024)), *aff'd*, 491 Md. 1 (2025). Webster's Dictionary defines "solely" as "to the exclusion of all else" and "without another." *Merriam Webster's Collegiate Dictionary* 1187 (11th ed. 2009). Giving this word meaning, *see Hollabaugh v. MRO Corp.*, 491 Md. 165, 176-77 (2025) (we give each word in a statute meaning when construing the legislative intent), it is clear that the search of a vehicle is not prohibited when it is based on something more than the odor of cannabis (or the other factors listed in the statute).

We looked to other states to see if there were other decisions addressing statutes similar to CP § 1-211. We found the decision *People v. Castro*, 302 Cal. Rptr. 3d 185, 190

-14-

(Cal. Ct. App. 2022), *cert. denied* (2023), instructive, although distinguishable. In California, the voters, in 2016, passed Proposition 64, which legalized possession of up to 28.5 grams of cannabis by individuals 21 years or older. *Id.* at 189; Cal. Health & Safety Code § 11362.1 (West 2017).[11] The court in *Castro* stated that Proposition 64 "fundamentally changed the probable cause determination by specifying [that] *lawfully possessed cannabis* is 'not contraband' and [that] lawful conduct under the statute may not 'constitute the basis for detention, search or arrest.'" *Id.* at 189. In that case, the police searched Castro's vehicle after detecting the strong odor of burnt cannabis emanating from the vehicle, determining that all the occupants of the vehicle were under 21, and Castro admitting to smoking cannabis. *Id.* The court found that Proposition 64 was inapplicable because it provided that lawfully possessed cannabis was "not contraband" and lawful conduct could not be the basis for a search, but it was unlawful for Castro, who was under the age of 21, to possess any amount of recreational cannabis. *Id.* at 189-90.

---

[11] Cal. Health & Safety § 11362.1 (West 2017) provides, in pertinent part as follows:

(a) Subject to . . . but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to:

(1) Possess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever, not more than 28.5 grams of cannabis not in the form of concentrated cannabis;

\*      \*      \*

(c) Cannabis and cannabis products involved in any way with conduct deemed lawful by this section are not contraband nor subject to seizure, and no conduct deemed lawful by this section shall constitute the basis for detention, search, or arrest.

Similarly, here, the searches were not prohibited by CP § 1-211 because they were not based solely on the odor of cannabis. Instead, they were based on the odor of cannabis, *plus* the knowledge that the occupants of the vehicle were under 21 years of age. Because it is unlawful for a person to possess cannabis if the person is not at least 21 years of age, *see* CR § 5-601(a)(1)(ii), the statute did not prohibit the search and require that the evidence seized be excluded.[12]

Appellants argue, however, that analysis of the legislative history of CP § 1-211 shows that it was the General Assembly's intent for the statute to protect vehicle occupants of all ages. In support, they make two arguments. First, they argue that "[a] major reason the General Assembly passed [CP] §1-211 was to protect Black and Brown Marylanders from a stark and longstanding form of racial profiling," and the legislative intent "to protect the most vulnerable group of people, minority youth, is unequivocal." Second, they point to an amendment that was rejected.

With respect to the argument that the legislative history shows an intent to address racial disparities in enforcement of drug laws, there is no dispute that this was a significant factor raised in the process of enacting the statute. *See, e.g.*, Bill File for H.B. 1071 ("Bill File"), Written Testimony from Delegate Charlotte A. Crutchfield, Leg. Dis. 19, to House Jud. Comm. (Mar. 30, 2023); H.B. 1071, Racial Equity Impact Note, Dep't of Leg. Servs. (Mar. 3, 2023); Bill File, Letter from Legis. Black Caucus to Chairman Luke Clippinger, House Jud. Comm. (Mar. 7, 2023); Bill File, Written Testimony from Lower Shore

---

[12] As indicated, appellants do not argue that the search was unreasonable under the Fourth Amendment.

Progressive Caucus to Senate Jud. Procs. Comm. (Mar. 30, 2023); Bill File, Letter from Maryland Office of the Public Defender (Mar. 30, 2023); Bill File, Letter from Showing Up for Racial Justice Baltimore to Jud. Procs. Comm. *Accord Kelly*, 262 Md. App. at 311 (legislative history suggests that, "at least in part," the statute "was intended to address racial disparities arising from stops and seizures based on the odor of cannabis").[13] Nevertheless, CP § 1-211 did not limit all searches involving the odor of cannabis. Rather, it limited the ability to search only when it was based *solely* on the odor of cannabis and other factors listed in the statute. As indicated, we must apply the statute as written. *Wheeling*, 473 Md. at 377.

Appellants' second point in support of their argument that the General Assembly intended for CP § 1-211 to apply to individuals under the age of 21 is that a proposed amendment adding an age limitation was considered and rejected. The amendment proposed was to add the following language: "A LAW ENFORCEMENT OFFICER MAY INITIATE A SEARCH OTHERWISE PROHIBITED BY THIS SECTION IF THE DRIVER OF A MOTOR VEHICLE IS UNDER THE AGE OF 21 YEARS." S. Floor Amendment 153627/1 to H.B. 1071, 2023 Leg., 445th Sess. (Md. 2023) (rejected Apr. 10, 2023).[14]

The State contends that appellants place too much weight on the rejected amendment. We agree.

---

[13] There is no contention that race was a factor in the stops and searches in this case.

[14] Available at: https://perma.cc/Z2PK-GT4S (last visited July 14, 2026).

In *Trimble*, we discussed the limited weight that rejection of an amendment has in determining legislative intent:

> As the Supreme Court has long held and recently reaffirmed, "legislative rejection is not an infallible indicator of legislative intent." *Westminster Mgmt., LLC v. Smith*, 486 Md. 616, 651, 312 A.3d 741 (2024) (quoting *City of Balt. Dev. Corp. v. Carmel Realty Assocs.*, 395 Md. 299, 329, 910 A.2d 406 (2006)). Accordingly, rejected amendments are "a rather weak reed upon which to lean in ascertaining legislative intent" because "the General Assembly may well have concluded that the rejected amendment warranted further investigation before acting on it, or decided not to enact the amendment for a myriad of other reasons." *Carmel Realty Assocs.*, 395 Md. at 329, 910 A.2d 406 (cleaned up).

*Trimble v. State*, 262 Md. App. 462, 467 (2024), *aff'd*, 491 Md. 378 (2025).

Here, the State notes several reasons why the General Assembly could have rejected the amendment. Initially, the amendment was proposed at 9:00 p.m. on the final day of the 2023 legislative session. Senate Floor Actions: H.B. 1071, 445th Sess. (Md. 2023), https://perma.cc/9P6L-HRSQ (last visited July 14, 2026) (amendment proposed by Sen. Justin Ready) (advance video to 1:56:00). Legislators could have concluded that adopting an amendment at that late time would cause the bill to fail. Moreover, the amendment could have been rejected because legislators concluded that it was unnecessary. *See, e.g.*, *Kerns v. Kerns*, 59 Md. App. 87, 94 (1984) (observing that legislature's failure to pass bills that would have expressly authorized awards of joint child custody could have stemmed from legislators' conclusion "that courts already had the authority to make such awards and that the bills would have been unnecessary additions to the code"). Legislators could have concluded, as this Court holds here, that the plain language of the statute, as written, already permitted the police to search a vehicle based on the odor of cannabis if there is the

additional fact that the occupants of the vehicle are under the age of 21 years old.

Based the plain language of CP § 1-211, a search is prohibited if it is based solely on the odor of cannabis (or the other factors listed). If, however, there is another factor involved, the statute does not preclude a search, and it does not require that evidence obtained during the search be excluded.[15]

Here, there was odor plus knowledge that the occupants were under the age of 21, and it is unlawful for a person under 21 to possess cannabis. The court properly denied the motions to exclude the evidence discovered in appellants' vehicles.

**JUDGMENTS OF THE CIRCUIT COURT FOR WORCESTER COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANTS.**

---

[15] Our decision is based on the General Assembly's decision to prohibit stops and searches based *solely* on three factors that do not include underage status. If the General Assembly intended a different result, it can add underage status to the list of factors in CP § 1-211(a).